# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RIGOBERTO HERNANDEZ-ORTEGA (1),<br><br>Defendant. | CASE NO. 10cr4142 JM<br><br>ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE |

Defendant Rigoberto Hernandez-Ortega moves for a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("USSG"). The Government does not oppose the motion. Pursuant to Local Rule 7.1(d)(1), the court finds the matters presented appropriate for resolution without oral argument. For the reasons set forth below, the motion is granted and Defendant's sentence reduced to 70 months.

## BACKGROUND

On October 14, 2010, the United States filed a three-count indictment charging Defendant with (Count 1) Conspiracy to Distribute approximately 1.36 kilograms of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846; (Count 2) Distribution of Methamphetamine (approximately .4 kilograms), in violation of 21 U.S.C. § 841(a)(1); and (Count 3) Possession of Methamphetamine with Intent to Distribute (approximately .9 kilograms), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On June 21, 2011, Defendant pled guilty to Count Two, and on February 2, 2012, the Court

1  sentenced him to 81 months custody, followed by 3 years of supervised release.

2  To arrive at this sentence, the Court calculated a base offense level of 34, based
3  upon 432.4 grams of actual methamphetamine, reduced 3 levels for Acceptance of
4  Responsibility and departed 2 levels for Fast Track under § 5K2.0. Defendant's criminal
5  history Category was IV, and at a guideline level of 29, his sentencing range was
6  121-151 months. The Court then further departed 33% under § 5K2.0 and 18 U.S.C. §
7  3553(e), and imposed a sentence of 81 months. On October 13, 2015, Defendant filed
8  a Motion for a Sentence Reduction, requesting a reduction to 70 months.

## DISCUSSION

10  Under 18 U.S.C. § 3582(c)(2), district courts have the authority to modify a term
11  of imprisonment when a defendant was sentenced based on a guideline range that is
12  subsequently lowered by amendment to the USSG.  When determining whether a
13  sentencing adjustment is warranted pursuant to § 3582(c)(2), the court must "determine
14  the amended guideline range that would have been applicable to the defendant if the
15  amendment(s) ... had been in effect at the time the defendant was sentenced." USSG §
16  1B1.10(b)(1). "The court shall substitute only the [applicable amendment] for the
17  corresponding guideline provisions that were applied when the defendant was sentenced
18  and shall leave all other guideline application decisions unaffected." Id.  If the
19  amendment does not lower the guideline range under which the defendant was
20  sentenced, a reduction in sentence is not authorized. USSG § 1B1.10(a)(2).

21  Amendment 782 modified the Drug Quantity Table in USSG § 2D1.1, which
22  provides the base offense levels for different quantities of various controlled substances.
23  Amendment 782 reduced the base offense levels for most federal drug trafficking
24  crimes by two levels.  In July 2014, the U.S. Sentencing Commission promulgated
25  Amendment 788 and amended USSG § 1B1.10, which made Amendment 782
26  retroactive (effective November 1, 2014) but delayed until November 1, 2015 the
27  effective date for orders reducing prison terms based on Amendment 782.

28  "[T]he court shall not reduce the defendant's term of imprisonment under

18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." USSG § 1B1.10(b)(2)(A). The commentary to § 1B1.10 clarifies that the "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)." USSG § 1B1.10 cmt. n.1(A).

In <u>Dillon v. United States</u>, 130 S. Ct. 2683, 2691 (2010), the Supreme Court explained the limited nature of § 3582(c)(2) proceedings and the process for ruling on motions to reduce sentences under that section.

> Consistent with the limited nature of §3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U. S. C. §3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does §1B1.10 authorize a court proceeding under §3582(c)(2) to impose a term "comparably" below the amended range. §1B1.10(b)(2)(B).

The Supreme Court required district courts to follow a two-step process in ruling on motions under § 3582(c)(2). The Supreme Court cautioned that "[f]ollowing this two-step approach, a district court proceeding under §3582(c)(2) does not impose a new sentence in the usual sense." <u>Id.</u> Furthermore, "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." USSG § 1B1.10(a)(3). The two-step process provided by <u>Dillon</u>, 130 S. Ct. at 2691-92, is as follows:

> At step one, §3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." At

step two of the inquiry, §3582(c)(2) instructs a court to consider any applicable §3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to §3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under §3582(c)(2) into plenary resentencing proceedings.

The district court's discretion at step two is limited. See Freeman v. United States, 131 S. Ct. 2685, 2693 (2011) (Noting that "[t]he binding policy statement governing §3582(c)(2) motions places considerable limits on district court discretion"). In Freeman, the Supreme Court further explained that "[i]n an initial sentencing hearing, a district court can vary below the Guidelines; but, by contrast, below-Guidelines modifications in §3582(c)(2) proceedings are forbidden, USSG §1B1.10(b)(2)(A), except where the original sentence was itself a downward departure [pursuant to] §1B1.10(b)(2)(B)." Freeman at 2693. As a result, this Court is not permitted to engage in a de novo resentencing in a § 3582(c)(2) proceeding and therefore cannot grant the same departures or variances granted at the initial sentencing hearing, unless that departure was granted pursuant to a government's motion for substantial assistance as defined by the Guidelines.

Here, under the Amended Guidelines, the base offense level for 432.4 grams of actual methamphetamine is level 32. After a reduction for Acceptance of Responsibility (-3) and for Fast Track (-2), the amended offense level is 27, with a Guideline range of 100 to 125 months at a Criminal History Category of IV. Because Defendant cooperated and provided substantial assistance to the Government, the court is authorized to further reduce the sentence. See § 1B1.10(b). Upon consideration of the sentencing factors enumerated at 18 U.S.C. §3553(a), the court finds that a further reduction is both permissible under § 1B1.10(b) and supported by the record. As the original sentencing departure consisted of a departure for both cooperation and Fast

1 | Track, the court reduces the sentence to 70 months.[1] This particular sentence satisfies
2 | the sentencing factors of 18 U.S.C. §3553(a) and Amendment 782.
3 |     In sum, the court grants the motion for a reduction in sentence and imposes an
4 | amended custodial sentence of 70 months.
5 |     IT IS SO ORDERED.
6 | DATED: October 24, 2016

_____
Jeffrey T. Miller
United States District Judge

cc: All parties

---

[1] The court notes that the original sentence reflected a departure for both cooperation and Fast Track. A Fast Track departure under §5K2.0 does not serve as a basis for further reduction under Amendment 782.